## Frank Kerting, Defendant in Error, v. Henry D. Sturtevant, Plaintiff in Error.

## Gen. No. 17,589.

1. GAMING—*recovery of money lost*. In an action to recover for money lost in gambling transactions, plaintiff has the burden of proving such transactions by a clear preponderance of the evidence.

2. GAMING—*intention of parties dealing on board of trade*. In order to recover money lost in transactions in grain on the board of trade through defendants as brokers, it must appear that neither party intended the grain to be delivered or intended actual purchases and sales to be made, but that both had the intention of settling on differences in price only.

3. GAMING—*when evidence insufficient to show gambling transaction*. Where plaintiff orders defendant, a broker, to buy and sell grain for him on the board of trade, there being no evidence that plaintiff or defendant had any intention of gambling and it appearing that defendant made actual purchases and sales in good faith, plaintiff cannot recover money deposited with defendant which is required to cover a loss.

Error to the Municipal Court of Chicago; the Hon. ARTHUR W. DESELM, Judge, presiding. Heard in this court at the October term, 1911. Reversed. Opinion filed June 30, 1913.

KNAPP & CAMPBELL and WILLIAM BEYE, for plaintiff in error.

WALTER J. MILLER, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiff Kerting employed Shearson, Hammill & Co. to do business for him, as his brokers, on the Chicago Board of Trade. He deposited with them, for their protection in case the market went against him, $500. From August 22 to September 8, 1910, he ordered his brokers to make for him four purchases and sales of grain of 5,000 bushels each. The result

of the transactions was a loss to plaintiff of $181.25, including commissions, and the defendants paid him $318.75, the remainder of his deposit. He then brought an action in the Municipal Court against his brokers "for money lost in gambling with the defendants in the following manner: grain fictitiously pretended to be bought, but in reality bet upon by the plaintiff with the defendants on the following dates." Sturtevant was the only defendant served and against him the court gave judgment for $181.25, and he prosecutes this writ of error. The plaintiff gave the defendants an order for each purchase and sale and the defendants executed such orders by making in their own names for the plaintiff actual contracts for the purchase and sale of grain with other brokers on the Board of Trade, and made reports of such purchases and sales to the plaintiff, giving the particulars of each purchase and sale and the name of the broker with whom the contract was made.

In order to recover the burden of proof was on the plaintiff to show by a clear preponderance of the evidence that such contracts of purchase and sale were in fact, as between plaintiff and defendants, gambling transactions. This he has not done. If it be conceded that a person representing the defendants said to plaintiff, "We want enough margins, we want that margin kept good for our protection in case the market goes against you, so that there has got to be enough margins to be good for the difference," this does not tend to show that actual purchase and sales were not contemplated, but only that defendants required the plaintiff to protect them against loss on contracts they should make for him in their own name in case the market went against him. The agreement between the plaintiff and the defendants rendered it necessary that the defendants should as principals enter into contracts of purchase and sale with other brokers, and on such contracts they were personally liable to

the brokers with whom they were made. To make the purchases and sales in question gambling transactions as between plaintiff and defendants it must appear that neither party intended the grain to be delivered or intended actual purchases and sales to be made, but that both had the intention of settling on the differences in price only. *Pelouze v. Slaughter,* 241 Ill. 215; *Johnson v. Milmine,* 150 Ill. App. 218.

There is no evidence of any understanding and agreement between plaintiff and defendants that mere differences should be paid *per se* without anything further being done, but each transaction was begun by an order from the plaintiff to buy or sell grain at a fixed price, and the evidence shows that actual purchases and sales were made by defendants in obedience to such orders. The plaintiff disclosed no desire or intention to gamble in grain with defendants, and it is clear from the evidence that defendants had no purpose or intention to gamble in grain with him, and that they in good faith made actual purchases and sales for him by his order, and that in such transactions plaintiff lost $181.25, and this sum the defendants had the right to retain from the money deposited with them by the plaintiff. The evidence does not, in our opinion, show any right of recovery in the plaintiff, and the judgment will be reversed.

*Judgment reversed.*